UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KAKOWSKI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-0656 KJN P<br><br><br>ORDER |

I. Introduction

　　　　Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)

(quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II. Plaintiff's Claims

Named as defendants are Sacramento County, Sacramento County Sheriff Scott Jones, Sergeant Silva and Deputy Daniele. Plaintiff alleges that the alleged deprivations occurred at the Sacramento County Jail where he was housed as a pretrial detainee.

Plaintiff alleges that on November 23, 2016, at approximately 1:30 a.m., defendant Daniele told plaintiff that he was being moved. (ECF No. 1 at 5.) Plaintiff alleges that the order to move was made in retaliation for plaintiff filing a lawsuit in this court, 2:16-cv-2549 JAM AC P, in which plaintiff alleged that defendant Daniele repeatedly opened plaintiff's mail. (Id.) Plaintiff also claimed that defendant Daniele ordered his move in retaliation for plaintiff assisting his cellmate, inmate Rivera, with filing grievances against defendant Daniele. (Id.) Plaintiff alleges that at the time of the move, defendant Daniele told inmate Rivera, "your grievances are not grievable, your cellie Kakowski is a problem and I'm gonna deal with him. He's a snitch!" (Id.)

Plaintiff alleges that he was moved to a cell with a 200-pound, homosexual who made repeated sexual advances toward plaintiff. (Id. at 6.) Plaintiff alleges that the night shift ignored plaintiff's calls on the emergency button. (Id.) Plaintiff alleges that he was placed in that cell because defendant Daniele hoped that plaintiff would be assaulted. (Id.)

The next day, plaintiff was moved to a cell on the third floor that contained no hot water, the air conditioning was on full blast despite it being winter, and the cold water trickled. (Id.)

Plaintiff alleges that on November 27, 2016, defendant Silva pulled plaintiff out to discuss plaintiff's grievance regarding being placed in the cell with the inmate who made sexual advances. (Id. at 7.) Defendant Silva told plaintiff that he authorized Deputy Green to make this move because plaintiff was having problems with defendant Daniele. (Id.) Plaintiff told

defendant Silva that he had no problems with defendant Daniele until she launched a harassment campaign on plaintiff. (Id.) Plaintiff asked defendant Silva why he put plaintiff in a cell with an inmate who threatened his safety. (Id.) Defendant Silva responded, "This is jail …I can do anything I damn well please." (Id.) Defendant Silva told plaintiff that because he claimed that the inmate had sexually harassed him, he had no choice but to move plaintiff. (Id.)

Plaintiff alleges that on November 29, 2016, Deputy Daw "pulled him out" from the cell that had no hot water, etc. (Id. at 8.) Deputy Daw told plaintiff that classification was not responsible for his recent bed moves and apologized. (Id.) Deputy Daw asked plaintiff if he was o.k. (Id.) Deputy Daw told plaintiff that defendants Silva and Daniele had made the call to put him in the cell with no hot water, etc. (Id.)

Plaintiff goes on to describe other allegedly unconstitutional conditions he suffered as a result of being housed in the third floor cell without hot water, etc. Plaintiff alleges that the water in his cell worked when the plumber arrived. (Id. at 9.) Once the plumber left, the water turned off again, as if someone flipped a switch. (Id.) Plaintiff alleges that he was offered outdoor exercise time on only two occasions. (Id.) On both occasions, it was cold and raining. (Id.) Plaintiff also alleges that he was denied access to telephones to consult with his investigator. (Id.)

On February 18, 2017, plaintiff was moved back to the fourth floor.[1] (Id. at 10.) On the fourth floor, plaintiff and defendant Daniele were again in contact. (Id.) Plaintiff alleges that he was removed from these conditions after the Prison Law Office got involved. (Id.)

III. Discussion

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979). Jail officials may be liable under the Fourteenth Amendment for failure to protect a pretrial detainee from a substantial risk to his health or safety. To state a claim that an official failed to protect a pretrial detainee, a plaintiff must allege facts showing these elements:

---

[1] In the complaint, plaintiff alleges that he was returned to the fourth floor on February 18, 2016. (Id. at 10.) It is clear that plaintiff meant 2017 rather than 2016.

4

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).

Plaintiff alleges that defendant Daniele labeled him as a snitch in front of another inmate in violation of the Fourteenth Amendment. These allegations state a potentially colorable claim for relief. See Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (allegations by a prisoner that they have been labeled as a snitch by prison officials, thereby exposing them to risk of harm at the hands of other prisoners, states a potentially cognizable claim for relief).

Plaintiff alleges that defendants Silva and Daniele violated his Fourteenth Amendment rights when they moved him to the cell occupied by the inmate who made sexual advances toward plaintiff. Plaintiff also alleges that defendants Silva and Daniele violated his Fourteenth Amendment rights when they moved plaintiff to the cell without hot water, etc. These allegations state potentially colorable claims for relief.

Plaintiff also appears to claim that defendant Daniele retaliated against him for naming her as a defendant in case 16-2549 and for helping inmate Rivera file grievances when she moved him to the cell with the inmate who made sexual advances and later to the cell without hot water, etc.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). The Rhodes standard for retaliation claims applies equally to pretrial detainees. See Grenning v. Bisson, 382 F. App'x 574, 575 (9th Cir. 2010) (applying Rhodes to reverse dismissal of pretrial detainee's retaliation claim); Nyland v. Calaveras Cty. Sheriff's Jail, 688 F. App'x 483, 485 (9th Cir. 2017)

5

(applying Rhodes to affirm dismissal of pretrial detainee's retaliation claim).

Defendant Daniele is not named as a defendant in 16-2549.[2] For this reason, plaintiff's claim that defendant Daniele retaliated against him for naming her as a defendant in case 16-2549 does not state a potentially colorable retaliation claim. However, plaintiff's claim that defendant Daniele retaliated against plaintiff for assisting inmate Rivera in filing grievances states a potentially colorable retaliation claim. See Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) (assisting other inmates in filing grievances is protected conduct).

Plaintiff alleges that defendant Jones, the policy maker for the Sacramento County Jail, and defendant Sacramento County failed to properly train and investigate their subordinates. (ECF No. 1 at 4.) Plaintiff alleges that these defendants had a policy of retaliating against inmates which led to the alleged deprivations. (Id.) By describing defendant Jones as the policy maker, it appears that plaintiff has named defendant Jones in his official capacity.

A municipality can be liable under Section 1983 "when execution of a government's policy or custom" inflicts a constitutional injury. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694 (1978). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

In order to hold a municipality liable for a municipal employee's conduct under Monell, a plaintiff must show that (1) that the plaintiff "possessed a constitutional right of which [he or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and, (4) that the policy is the moving force behind the constitutional violation." Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks omitted).

////

---

[2] The court may take judicial notice of court filings and other matters of public record. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Plaintiff alleges that defendants Jones and Sacramento County had a policy of failing to train their employees and failing to investigate their employees, which led to the alleged deprivations. Plaintiff also alleges that these defendants had a policy of retaliating against inmates, which led to the alleged deprivations. However, plaintiff does not identify the specific policies, or lack thereof, which caused the alleged deprivations. These vague allegations are not adequate to state a potentially colorable Monell claim.

Moreover, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); Navarro v. Block, 72 F.3d 712, 714 (9th Cir. 1996) (as amended) (proof of random acts or isolated events is insufficient to establish custom); see also Meehan v. Cty. of Los Angeles, 856 F.2d 102, 107 (9th Cir. 1988) (two incidents insufficient to support a finding of liability). Plaintiff has not pled sufficient facts demonstrating that defendants had improper customs or policies.

For the reasons discussed above, plaintiff's claims against defendants Sacramento County and Jones are dismissed.

IV. Conclusion

Plaintiff may proceed forthwith to serve defendants Daniele and Silva with those claims found potentially colorable, or he may delay serving any defendant and attempt to state a cognizable claim against defendants Sacramento County and Jones and attempt to amend his claim that defendant Daniele retaliated against him for naming her as a defendant in case 16-2549.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the remaining defendants, he has thirty days in which to do so. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Daniele and Silva, against whom he has stated a potentially cognizable claim for relief, he shall return the attached notice within thirty days. Following receipt of that notice, the court will order service of defendants Daniele

7

and Silva.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v.

8

Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001).

Finally, on April 26, 2019, plaintiff filed a motion to amend his complaint. (ECF No. 7.) Attached to the motion to amend are documents plaintiff claims demonstrate exhaustion of administrative remedies. Plaintiff is not required to file proof of exhaustion at this time. For this reason, plaintiff's motion to amend is denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. All claims against defendants Sacramento County and Jones are dismissed with leave to amend. Plaintiff's claim that defendant Daniele retaliated against him for naming her as a defendant in 16-2549 is dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state a cognizable claim against defendants Silva and Daniele. See 28 U.S.C. § 1915A. If plaintiff opts to proceed on his original complaint as to these defendants, he shall return the attached notice within thirty days of service of this order.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

6. Plaintiff's motion to amend (ECF No. 7) is denied.

Dated:  September 20, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ka565.scr

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KAKOWSKI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No. 2: 19-cv-0656 KJN P<br><br><br>NOTICE |

　　　　Plaintiff opts to proceed with the original complaint as to defendants Silva and Daniele.
　　　　Plaintiff consents to the dismissal of defendants Sacramento County and Jones, and his claim that defendant Daniele retaliated against him for naming her as a defendant in 16-2549 without prejudice. _____

OR

\_\_\_\_\_ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Plaintiff