UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN KAKOWSKI,

Plaintiff,

v.

COUNTY OF SACRAMENTO, et al.,

Defendants.

No. 2: 19-cv-0656 KJN P

ORDER AND FINDINGS AND RECOMMENDATIONS

Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Silva's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that this action is barred by the statute of limitations. For the reasons stated herein, the undersigned recommends that defendant's motion be denied.

Legal Standard for Motion to Dismiss

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" Conservation Force v. Salazar, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). When determining whether a claim has been stated, the court accepts as true all well-pled factual allegations and construes them in the light most favorable to the

1

plaintiff. Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Although a statute-of-limitations assertion is an affirmative defense, a defendant may still raise a motion to dismiss based on the defense if the running of the limitations period is apparent on the face of the complaint. See Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980) (stating that, "[i]f the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss"). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Id.; see also Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim").

Plaintiff's Claims

This action proceeds on the original complaint filed April 12, 2019, as to defendants Silva and Deputy Daniele. (ECF No. 1.) All events occurred at the Sacramento County Jail where plaintiff was housed as a pretrial detainee. (Id. at 4.)

Plaintiff alleges that on November 23, 2016, at approximately 1:30 a.m., defendant Daniele told plaintiff that he was being moved. (Id. at 5.) Plaintiff alleges that the order to move was made in retaliation for plaintiff filing a lawsuit in this court, case number 2:16-cv-2549 JAM AC P, in which plaintiff alleged that defendant Daniele repeatedly opened plaintiff's mail. (Id.) Plaintiff also claimed that defendant Daniele ordered his move in retaliation for plaintiff assisting his cellmate, inmate Rivera, with filing grievances against defendant Daniele. (Id.) Plaintiff alleges that at the time of the move, defendant Daniele told inmate Rivera, "your grievances are

////

2

not grievable, your cellie Kakowski is problem and I'm gonna deal with him. He's a snitch!" (Id.)

Plaintiff alleges that he was moved to a cell with a 200-pound, homosexual who made repeated sexual advances toward plaintiff. (Id. at 6.) Plaintiff alleges that the night shift ignored plaintiff's calls on the emergency button. (Id.) Plaintiff alleges that he was placed in that cell because defendant Daniele hoped that plaintiff would be assaulted. (Id.)

The next day, plaintiff was moved to a cell on the third floor that contained no hot water, the air conditioning was on full blast despite it being winter, and the cold water trickled. (Id.)

Plaintiff alleges that on November 27, 2016, defendant Silva pulled plaintiff out to discuss plaintiff's grievance regarding being placed in the cell with the inmate who made sexual advances. (Id. at 7.) Defendant Silva told plaintiff that he authorized Deputy Green to make this move because plaintiff was having problems with defendant Daniele. (Id.) Plaintiff told defendant Silva that he had no problems with defendant Daniele until she launched a harassment campaign against him. (Id.) Plaintiff asked defendant Silva why he put plaintiff in a cell with an inmate who threatened his safety. (Id.) Defendant Silva responded, "This is jail …I can do anything I damn well please." (Id.) Defendant Silva told plaintiff that because he claimed that the inmate had sexually harassed him, he had no choice but to move plaintiff. (Id.)

Plaintiff alleges that on November 29, 2016, Deputy Daw "pulled him out" from the cell that had no hot water, etc. (Id. at 8.) Deputy Daw told plaintiff that classification was not responsible for his recent bed moves and apologized. (Id.) Deputy Daw asked plaintiff if he was o.k. (Id.) Deputy Daw told plaintiff that defendants Silva and Daniele had made the call to put him in the cell with no hot water, etc. (Id.)

Plaintiff goes on to describe other allegedly unconstitutional conditions he suffered as a result of being housed in the third floor cell without hot water, etc. Plaintiff alleges that the water in his cell worked when the plumber arrived. (Id. at 9.) Once the plumber left, the water turned off again, as if someone flipped a switch. (Id.) Plaintiff alleges that he was offered outdoor exercise time on only two occasions. (Id.) On both occasions, it was cold and raining. (Id.) Plaintiff also alleges that he was denied access to telephones to consult with his investigator. (Id.)

3

On February 18, 2017, plaintiff was moved back to the fourth floor.[1] (Id. at 10.) On the fourth floor, plaintiff and defendant Daniele were again in contact. (Id.) Plaintiff alleges that he was removed from these conditions after the Prison Law Office got involved. (Id.)

Discussion

On September 20, 2019, the undersigned found that plaintiff had stated potentially colorable Fourteenth Amendment claims against defendant Silva based on the allegations that defendant Silva moved plaintiff to a cell occupied by an inmate who made sexual advances toward plaintiff and moved plaintiff to the cell without hot water, etc. (ECF No. 10 at 5.) Defendant Silva argues that plaintiff's claims are barred by the statute of limitations.

Federal law determines when a civil rights claim brought pursuant to 42 U.S.C. § 1983 accrues. Wallace v. Kato, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."); Western Ctr. for Journalism v. Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2000) ("While the statute of limitations period is derived from state law, federal law determines when the statute of limitations period accrues.").

Pursuant to "federal rules conforming in general to common-law tort principles[,]" "it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Id. (internal quotation marks, brackets and citations omitted). Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

In this case, plaintiff's claims against defendant Silva accrued in November 2016. The undersigned next applies the statute of limitations applicable to these claims. The undersigned applies California's "statute of limitations for personal injury actions, along with forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)

---

[1] In the complaint, plaintiff alleges that he was returned to the fourth floor on February 18, 2016. (Id. at 10.) It is clear that plaintiff meant 2017 rather than 2016.

4

(citation and internal quotation marks omitted); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (stating that courts apply a state's statute of limitations for personal injury actions to claims brought pursuant to 42 U.S.C. § 1983).

Plaintiff's claims are subject to the two-year statute of limitations set forth in California Code of Civil Procedure 335.1. See Canatella, 486 F.3d at 1132. Plaintiff filed this action on April 12, 2019, which is more than two years after November 2016. Therefore, this action is barred by the statute of limitations unless plaintiff is entitled to tolling.

California Code of Civil Procedure § 352.1(a) provides that the applicable statute of limitations is statutorily tolled for up to two years when a plaintiff is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life," at the time that the claim accrues. In Elliott v. City of Union City, the Ninth Circuit analyzed California Code of Civil Procedure § 352(a)(3), § 352.1's predecessor statute, and held that "'actual, uninterrupted incarceration is the touchstone' for assessing tolling under § 352(a)(3), which covers all post-arrest custody" because "there is little difference between being incarcerated pre-arraignment, pre-conviction or post-conviction[.]" Elliott, 25 F.3d 800, 803 (9th Cir. 1994).

In the motion to dismiss, defendant argues that plaintiff is not entitled to tolling pursuant to § 352.1(a), citing Austin v. Medicis, 21 Cal.App.5th 577, 597 (2018). In Austin v. Medicis, the California Second District Court of Appeal held, as a matter of first impression that "a would-be plaintiff is 'imprisoned on a criminal charge' within the meaning of section 352.1 if he or she is serving a term of imprisonment in the state prison." Austin v. Medicis, 21 Cal. App. 5th at 597. The Austin court found that, therefore, statutory tolling pursuant to § 352.1 does not apply to claims that accrue while a would-be plaintiff is a pretrial detainee in a county jail. Id.

Because the Ninth Circuit has not addressed the scope of § 352.1(a)'s applicability after the Austin decision was issued in 2018, Elliott remains precedent in the Ninth Circuit. Therefore, "this Court must apply the principles of the Elliott decision to Plaintiff's [federal claims] unless and until the Ninth Circuit holds otherwise." Baros v. Ramirez, 2019 WL 3849171, at *9 (C.D. Cal. June 5, 2019); see also Hart v. Massanari, 266 F.3d 1155, 1170-71 (9th Cir. 2001) (stating that "[c]ircuit law ... binds all courts within a particular circuit" and that "[b]inding authority must

be followed unless and until overruled by a body competent to do so").

When plaintiff filed the instant action on April 12, 2019, he was housed in state prison. If plaintiff was incarcerated without interruption from November 2016 through the date this action was filed, then plaintiff is entitled to tolling pursuant to § 352.1(a) and this action is not time barred. While it seems likely that plaintiff has been continuously incarcerated, the undersigned cannot definitively make this finding. Therefore, defendant's motion to dismiss should be denied because plaintiff may be able to demonstrate that he is entitled to tolling pursuant to § 352.1(a).[2]

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that defendant Silva's motion to dismiss (ECF No. 18) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections.

////
////
////
////

---

[2] In the motion to dismiss, defendants cite Hoffman v. Yderraga, 2019 WL 2448314 (E.D. Cal. 2019) for the proposition that plaintiff is not entitled to tolling pursuant to § 352.1. In Hoffman v. Yderraga, the undersigned recommended, in relevant part, that a motion to dismiss on the grounds that the complaint was barred by the statute of limitations be denied. The undersigned found that Austin v. Medicis, 21 Cal.App.5th 577 (2018) may be applicable, citing Shaw v. Sacramento County, 343 F.Supp.3d 919 (E.D. Cal. 2018). 2019 WL 2448314 at *4. In Shaw, the district court found that the court in Elliott focused on the meaning of the tolling statute within the context of continuous incarceration. 343 F.Supp. at 924. In Shaw, the district court found the reasoning of Elliott inapplicable to the facts of Shaw, where the plaintiff spent one night in jail. Id. Because plaintiff in the instant action may be able to demonstrate continuous incarceration, the reasoning of the district court in Shaw does not bar plaintiff's claims.

6

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 4, 2020

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Kak656.57