1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRIAN KAKOWSKI,                          No.  2: 19-cv-0656 JAM KJN P

12                  Plaintiff,

13         v.                                 ORDER

14   COUNTY OF SACRAMENTO, et al.,

15                  Defendant.

16

17         Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  This action proceeds on plaintiff's original complaint as to defendants Silva

19   and Deputy Daniele.  Plaintiff alleges that while he was housed at the Sacramento County Jail,

20   defendants violated his constitutional rights in various ways from November 2016 through

21   November 2017.

22         Pending before the court is defendant Silva's motion for reconsideration of the May 8,

23   2020 order denying defendant Silva's motion to dismiss.  (ECF No. 25.)  For the reasons stated

24   herein, defendants' motion for reconsideration is denied.

25   Standard for a Motion for Reconsideration

26         "A district court's power to rescind, reconsider, or modify an interlocutory order is

27   derived from the common law, not from the Federal Rules of Civil Procedure."  City of Los

28   Angeles v. Santa Monica BayKeeper, 254 F.3d 882, 886 (9th Cir. 2001); McConnell v. Lassen

                                           1

Cnty., 2008 WL 4482853, at *2 (E.D. Cal. Oct.3, 2008) ("Where reconsideration of a non-final order is sought, the court has 'inherent jurisdiction to modify, alter, or revoke it.'" (quoting United States v. Martin, 226 F.3d 1042, 1048–49 (9th Cir. 2000)).  In addition, Federal Rule of Civil Procedure 54(b) authorizes courts to revise "any order or other decision ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); Regents of Univ. of Calif. v. Bernzomatic, 2011 WL 666912, at *2 (E.D. Cal. Feb.11, 2011) (relying on Rule 54 in deciding whether to reconsider the denial of summary judgment).

Reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has available, or it is necessary to correct clear error or prevent manifest injustice.  Cachil Dehe Band of Wintun Indians v. California, 649 F.Supp.2d 1063, 1069 (E.D. Cal. 2009) (citing School Dist. No. 1J Multnomah Cnty. v. AC & S Inc., 5 F.3d 1255, 1263 (9th Cir.1993)).  A party should "not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation," id., nor should the party "ask the court to rethink matters already decided."  American Rivers v. NOAA Fisheries, 2006 WL 1983178, at *2 (D. Or. Jul.14, 2006) (citing Motorola, Inc. v. J.B. Rodgers Mech. Contractors, 215 F.R.D. 581, 582 (D.Ariz.2003)).

Under Local Rule 230(j), the party moving for reconsideration must set forth:

> (1) when and to what [j]udge ... the prior motion was made; (2) what ruling ... was made thereon; (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time of the prior motion.

L.R. 230(j).  "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Knight v. Rios, 2010 WL 5200906, at *2 (E.D. Cal. Dec.15, 2010).

////

2

Background

On January 27, 2020, defendant Silva filed a motion to dismiss on the grounds that this action is barred by the statute of limitations.  (ECF No. 18.)  On March 4, 2020, Magistrate Judge Newman recommended that defendant Silva's motion to dismiss be denied.  (ECF No. 22.)

In relevant part, Magistrate Judge Newman found that plaintiff was entitled to statutory tolling of two years pursuant to California Code of Civil Procedure § 352.1(a).  (Id. at 5.)  "California Code of Civil Procedure § 352.1(a) provides that the applicable statute of limitations is statutorily tolled for up to two years when a plaintiff is 'imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life,' at the time that the claim accrues."  (Id.)  Magistrate Judge Newman observed that in Elliott v. City of Union City, the Ninth Circuit analyzed California Code of Procedure § 352(a)(3), § 352.1's predecessor statute, and held that "'actual uninterrupted incarceration is the touchstone' for assessing tolling under § 352(a)(3), which covers all post-arrest custody" because "there is little difference between being incarcerated pre-arraignment, pre-conviction or post-conviction[.]"  (Id., citing Elliott, 25 F.3d 800, 803 (9th Cir. 1994).)

In the motion to dismiss, defendant Silva argued that plaintiff was not entitled to tolling pursuant to § 352.1 pursuant to Austin v. Medicis, 21 Cal.App.5th 577, 597 (2018).  (Id.)  In Austin v. Medicis, the California Second District Court of Appeal held that, as a matter of first impression, that "a would-be plaintiff is 'imprisoned on a criminal charge' within the meaning of section 352.1 if he or she is serving a term of imprisonment in state prison."  Austin v. Medicis, 21 Cal.App.5th at 597.  The court in Austin found, therefore, that statutory tolling pursuant to § 352.1 does not apply to claims that accrue while a would-be plaintiff is a pretrial detainee in a county jail.  (Id.)

In the March 4, 2020 findings and recommendations, Magistrate Judge Newman rejected defendant's argument that plaintiff was not entitled to tolling pursuant to § 352.1 based on Austin v. Medicis.  (ECF No. 22 at 5.)  Magistrate Judge Newman found,

> [b]ecause the Ninth Circuit has not addressed the scope of § 352.1(a)'s applicability after the Austin decision was issued in 2018, Elliott remains precedent in the Ninth Circuit.  Therefore, "this Court

must apply the principles of the <u>Elliott</u> decision to Plaintiff's [federal claims] unless and until the Ninth Circuit holds otherwise." <u>Baros v. Ramirez</u>, 2019 WL 3849171, at *9 (C.D. Cal. June 5, 2019); <u>see also</u> <u>Hart v. Massanari</u>, 266 F.3d 1155, 1170-71 (9th Cir. 2001) (stating that "[c]ircuit law ... binds all courts within a particular circuit" and that "[b]inding authority must be followed unless and until overruled by a body competent to do so").

(<u>Id.</u> at 5-6.)

On May 8, 2020, the undersigned adopted the March 4, 2020 findings and recommendations.  (ECF No. 25.)

<u>Discussion</u>

In the motion for reconsideration, defendant states that on June 23, 2020, the Ninth Circuit Court of Appeals filed an unpublished opinion addressing the applicability of <u>Austin</u> in California federal courts, i.e., <u>Shaw v. Sacramento County Sheriff's Department</u>, 810 Fed.Appx. 553 (9th Cir. June 23, 2020).  Defendant states that in <u>Shaw</u>, the Ninth Circuit held that <u>Austin</u> applies in California federal court and that tolling under § 352.1 applies only to would-be plaintiffs serving a term of imprisonment in state prison.  Defendant argues that if plaintiff is not entitled to tolling under § 352.1, pursuant to <u>Shaw</u>, plaintiff's claims are barred by the statute of limitations and defendant's motion to dismiss should be granted.

Unpublished Ninth Circuit opinions are not precedent.  <u>See</u> generally Ninth Circuit Rule 36-3(a).  However, a court may consider an unpublished opinion if the decision has "persuasive value and indicate[s] how the Ninth Circuit applies binding authority." <u>Limon v. Circle K Stores, Inc.</u>, 2020 WL 2793076, at *3 (E.D. Cal. May 29, 2020).   In the motion for reconsideration, defendant argues that this court should consider <u>Shaw</u> because the holding in that case has persuasive value and is indicative of how the court will apply binding authority.  Defendant argues that based on <u>Shaw</u>, it is unlikely the Ninth Circuit will later determine that <u>Austin</u> is not applicable.

For the reasons stated herein, the undersigned finds that <u>Shaw</u> is not persuasive authority, nor is it indicative of how the Ninth Circuit will apply <u>Austin</u> in a published case.

In <u>Shaw</u>, the plaintiff was arrested by deputies from the Sacramento County Sheriff's Department on April 5, 2014, detained overnight, and released the next day.  810 Fed.Appx. at

4

553.  Two years and one day after the arrest, the plaintiff filed a complaint pursuant to 42 U.S.C.

§ 1983 against the Sheriff's Department, as well as several deputies, based on the events

surrounding her arrest.  (Id.)

   The Ninth Circuit found that the "district court correctly held that tolling was not available

under California Code of Civil Procedure section 352.1, which tolls the statute of limitations

during the time 'a person' is 'imprisoned on a criminal charge.'" Id. at 554.

> Under the California Court of Appeal's decision in Austin v. Medicis—which we are "obligated to follow" in the absence of evidence that the California Supreme Court would rule to the contrary, Ryman v. Sears, Roebuck & Co., 505 F.3d 993, 995 (9th Cir. 2007) (internal quotation marks omitted)—the phrase "imprisoned on a criminal charge" means "serving a term of imprisonment in the state prison." 21 Cal.App.5th 577, 230 Cal. Rptr. 3d 528, 542 (2018), review denied (June 13, 2018). Shaw has not alleged that she was serving a term of imprisonment, nor that she was detained in a state prison. So the district court was correct to hold that her one-day detention in a county jail did not entitle her to tolling under California Code of Civil Procedure section 352.1. Id. at 543; see also Bd. of Regents of Univ. of N.Y. v. Tomanio, 446 U.S. 478, 484 (1980) (explaining that "a state statute of limitations and the coordinate tolling rules" are "binding rules of law" in a § 1983 case). [Footnote omitted.]

Id.

   In Ruiz v. Ahern, 2020 WL 4001465 (N.D. Cal. July 15, 2020), the district court found

that Shaw was not binding authority regarding the application of Austin v. Medicis.

> The court acknowledges that the Ninth Circuit recently issued a decision that follows Austin. See Shaw v. Sacramento Cty. Sheriff's Dep't, —— Fed App'x ——, 2020 WL 3428856, at *1 (9th Cir. June 23, 2020). However, that opinion is unpublished and is not binding authority. See Fed. R. App. P. Rule 32.1 (U.S. Ct. of App. 9th Cir. Rule 36-3(a) ("Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion."). The Ninth Circuit has made clear that "[o]nce a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court." Hart, 266 F.3d at 1171. It is worth noting that Shaw contains a one-paragraph discussion of section 352.1 and does not mention Elliott. Elliott is precedential authority that is directly on point in this case and has not been overturned by the Ninth Circuit sitting en banc. See id. ("[C]aselaw on point is the law."). Therefore, this court must follow Elliott unless and until the Ninth Circuit revisits that case in a binding opinion.

1    2020 WL 4001465, at *5.

2          The undersigned agrees with the district court's reasoning in <u>Ruiz</u> and finds that this court

3    must follow <u>Elliott</u>.[1]  The undersigned also finds that based on the unique facts of <u>Shaw</u>, i.e., the

4    plaintiff was detained in the Sacramento County Jail for one night, <u>Shaw</u> is not indicative of how

5    the Ninth Circuit would apply <u>Austin v. Medicis</u> in a published case.

6          In addition, in his opposition to the pending motion, plaintiff argues that at the time of the

7    alleged deprivations, plaintiff was a convicted prisoner serving a 16-year sentence from Riverside

8    County.  (ECF No. 31 at 5.)  Because the undersigned finds that the court must follow <u>Elliott</u>, the

9    undersigned does not consider the application of <u>Austin</u> to the circumstances alleged by plaintiff,

10   i.e., a convicted prisoner awaiting the outcome of new criminal charges in county jail.

11         For the reasons discussed above, defendant Silva's motion for reconsideration is denied.

12         Accordingly, IT IS HEREBY ORDERED that defendant Silva's motion for

13   reconsideration (ECF No. 29) is denied.

14

15   DATED:  August 31, 2020

16                                          /s/ John A. Mendez_____ _____

17                                          UNITED STATES DISTRICT COURT JUDGE

18

19

20

21

22

23

24

25

26

27
_____
28   [1]  In <u>Ruiz</u>, the district court also questioned the reasoning of <u>Austin</u>. <u>See</u> 2020 WL 4001465, at
     *6-7.